UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACK GRAY TRANSPORT, INC. | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 2:16-CV-23 |
| v. | )<br>) |
| AT & T CORP, | )<br>) |
| Defendant. | )<br>)<br>) |

## **OPINION AND ORDER**

Before the Court is Plaintiff's "Motion to Dismiss Without Prejudice" [DE 26]. Defendant responded in opposition to the motion seeking a dismissal **with prejudice** [DE 28] to which Plaintiff replied. For the following reasons, the Motion to Dismiss will be GRANTED but the dismissal will be WITH PREJUDICE.

## **DISCUSSION**

Plaintiff Jack Gray Transport, Inc. filed the present state law action asserting that AT & T tortiously interfered with its business by wrongly terminating telephone service to its business and demanding payment for fees and services that had been terminated and transferred to another carrier by Plaintiff months, possibly years, prior to the payments requested. AT & T removed the case to this Court and filed its Motion to Stay and Compel Arbitration under its contract with the Plaintiff [DE 1, DE 19]. On June 3, 2016, the Magistrate Judge granted that motion, compelled the parties to arbitrate the matter, and stayed the action pending resolution of arbitration. In coming to this decision, the Magistrate Judge determined:

> The arbitration provision provides that the agreement to arbitrate includes 'disputes of any type' between Plaintiff and Defendant, and Plaintiff's filing of the instant

1

action demonstrates its refusal to submit to arbitration. As a result, this action will be stayed and the parties compelled to arbitrate the dispute pursuant to the arbitration agreement.

[DE 23, p. 2]. The Magistrate Judge further ordered the parties to file a status report by December 15, 2016.

In compliance with that Order, the Defendant filed its status report [DE 24] in which counsel noted that no arbitration proceedings have been instituted by the Plaintiff. Thereafter, Plaintiff filed the present motion seeking to dismiss the action with such dismissal being *without prejudice*. Plaintiff's rationale for the *without prejudice* designation is that "Plaintiff desires to retain its rights under its cause of action in the event Defendant might later initiate proceedings to collect fees claimed owed." [DE 26]. In response, AT & T objects to the motion to dismiss contending any dismissal should be *with prejudice* since the Magistrate Judge determined that "disputes of any type" between the parties are required to be arbitrated. [DE 28].

Federal Rule of Civil Procedure 41(a)(2) provides that, after service of an answer or motion for summary judgment, an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a) (2). The district court therefore enjoys wide discretion in considering Rule 41 motions, and the plaintiff bears the burden of persuasion. *See Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir.1994) (citing *F.D.I.C. v. Knostman,* 966 F.2d 1133, 1142 (7th Cir.1992)).

If a court grants a motion for voluntary dismissal, its discretion extends to deciding whether or not to grant the plaintiff dismissal without prejudice. The Seventh Circuit has ruled that courts should not grant dismissal without prejudice if the defendant would suffer "plain legal prejudice" as a result of such a decision. *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir.1988); *In re Bridgestone Firestone Prods. Liability Litig.,* 199 F.R.D. 304, 306 (S.D.Ind.2001). In determining

whether a defendant would suffer plain legal prejudice, we consider four factors: (1) the defendant's effort and expense of preparation for trial; (2) whether there has been excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) the sufficiency of the plaintiff's explanation for the need to take a dismissal, and (4) whether the defendant has filed a motion for summary judgment. *Knostman,* 966 F.2d at 1142; *Pace v. S. Exp. Co.,* 409 F.2d 331, 334 (7th Cir.1969)).

In this case, Plaintiff altogether fails to cite to Fed.R.Civ.P. 41 and its justification for dismissal is that it has no intention of instituting arbitration. Given that this has been determined to be the proper procedure to pursue the claims asserted in this case, Plaintiff's refusal to take this step constitutes lack of diligence on its part. More importantly, given the ruling that all claims between the parties are subject to arbitration, which would seemingly subsume any collection attempts by AT & T on accounts it believes in good faith are owed, any future attempt to refile the present claim would unduly prejudice the defendant in that it would be forced to relitigate the issue of arbitration when that issue has previously been determined. Accordingly, the court GRANTS the Motion to Dismiss but does so **WITH PREJUDICE.**

Based on the foregoing, the Plaintiff's Motion to Dismiss [DE 26] is GRANTED; this case is DISMISSED WITH PREJUDICE. The Clerk shall enter judgment accordingly.

Entered: This 16th day of February, 2017.

s/ William C. Lee
United States District Court